1

2

3

4            UNITED STATES DISTRICT COURT

5           NORTHERN DISTRICT OF CALIFORNIA

6               SAN JOSE DIVISION

7

8   CHALLENGE PRINTING COMPANY,          Case No.   5:20-cv-04659-EJD
    INC.,
9                                        **ORDER GRANTING MOTION FOR
                                         LEAVE TO FILE SECOND AMENDED
10              Plaintiff,               COMPLAINT**
         v.
11                                       Re: Dkt. No. 39
    ELECTRONICS FOR IMAGING INC.,
12
                Defendant.
13

14          This case arises out of a licensing agreement between Plaintiff, the Challenge Printing

15  Company, Inc. ("Challenge Printing"), and Defendant, Electronics for Imaging, Inc. ("EFI"), for

16  software to aid in Challenge Printing's printing enterprise.  Challenge Printing also entered into a

17  contract for Professional Services with EFI.  In the First Amended Complaint, Challenge Printing

18  asserts claims for breach of contract, intentional as well as negligent misrepresentation, unfair

19  competition and deceit.  Pending before the Court is Challenge Printing's motion for leave to file a

20  second amended complaint.  Dkt. No. 39.  Challenge Printing requests leave to add a claim for

21  breach of the implied covenant of good faith and fair dealing and additional factual allegations to

22  support other claims.

23          Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and

24  provides that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P.

25  15(a)(2); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave

26  should be granted with "extreme liberality").  The decision whether to grant leave to amend under

27  Rule 15(a) is committed to the sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288,

28  Case No.: 5:20-cv-04659-EJD
    ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
                                    1

United States District Court
Northern District of California

1   1290 (9th Cir. 1981).  Leave need not be granted, however, where the amendment would cause the

2   opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates

3   undue delay.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Janicki Logging Co. v. Mateer*, 42 F.3d

4   561, 566 (9th Cir. 1994).  "Absent prejudice, or a strong showing of any of the remaining *Foman*

5   factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."

6   *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

7   　　　　EFI raises two objections to the motion.  First, EFI contends that the proposed new claim is

8   futile because it is based on the same conduct underlying the breach of contract claim, and is

9   therefore superfluous.  *See Bionghi v. Metro. Water Dist. of So. California*, 70 Cal. App. 4th 1358,

10   1370 (1999) (claim for breach of the implied covenant that relies on the same acts and seeks the

11   same damages as a claim for breach of contract is duplicative and may be disregarded); *In re*

12   *Facebook PPC Adver. Litig.*, 709 F. Supp. 2d 762, 770 (N.D. Cal. 2010) (claim for breach of the

13   implied covenant that relies on the same alleged acts and seeks the same damages already claimed

14   in a companion contract claim may be disregarded as superfluous).  Challenge Printing counters

15   that the breach of the implied covenant and breach of contract claim are distinguishable.

16   　　　　Although there is some overlap of the two claims, the Court concurs with Challenge

17   Printing that the proposed new claim is distinguishable.  The breach of contract claim is based on,

18   among other things, an allegation that EFI failed to provide Professional Services in "good and

19   workmanlike manner consistent with generally accepted industry standards."  Mot. for Leave to

20   File Second Am. Compl., Ex. 12, Redline of Second Am. Compl., Dkt. No. 39-12 ¶¶ 107.

21   Challenge Printing's proposed new claim for breach of the implied covenant of good faith and fair

22   dealing is based on allegations that "without justification and in bad faith EFI ceased providing the

23   Professional Services" that Challenge Printing had purchased; that EFI "abandoned" its efforts to

24   allow Challenge Printing to use iQuote; and that EFI "unreasonably failed to cooperate with

25   Challenge Printing's performance and unreasonably failed to communicate with Challenge

26   Printing to the extent that EFI believed Challenge Printing needed to take further or additional

27   actions so that Challenge Printing could receive the benefit of its bargain with EFI."  Dkt. 39-12 ¶¶

28   Case No.: 5:20-cv-04659-EJD

United States District Court
Northern District of California

1    115-120.  In short, the breach of the implied covenant claim is based on additional allegations of

2    abandonment, failure to cooperate, and failure to communicate that are not found in the breach of

3    contract claim.  Therefore, the two claims are not duplicative.  *See Ronpak, Inc. v. Elecs. for*

4    *Imaging, Inc.*, 2015 WL 179560, at *6 (N.D. Cal. Jan. 14, 2015) ("to the extent that the plaintiff's

5    implied covenant claim for unreasonably delayed software implementation is not premised on the

6    same allegations as those supporting its breach of contract claim, specifically, that EFI did not

7    provide functional software to plaintiff, it is *not* duplicative").  It follows that the proposed

8    amendment is not futile.[1]

9         Second, EFI contends that leave to amend should be denied because of Challenge

10   Printing's purported undue delay in bringing the motion and because of prejudice to EFI.  The

11   arguments are unpersuasive.  Challenge Printing's motion is timely, having been filed within the

12   deadline set by the Case Management Order[2] and a month prior to the discovery cut-off.  To be

13   sure, Challenge Printing could have filed its motion sooner; however, its failure to do so does not

14   constitute undue delay.  As to prejudice, the Court recognizes that discovery is nearly complete

15   and that there may be unresolved discovery issues; however, EFI does not articulate any particular

16   prejudice it will suffer in the event the proposed amendments are allowed.  EFI does not, for

17   example, identify any additional discovery it must pursue to defend against the new claim and

18   allegations.  Furthermore, the Court notes that the deadline for dispositive motions is not until

19   January 2022 and a trial date has not been set.  Therefore, the proposed amendments are unlikely

20   to interfere with the case schedule.

21   //

22   //

23   //

24

25   [1] "The implied covenant is breached when the [defendant] unreasonably fails to cooperate with the
     other party's performance."  *D'Andrea Bros. LLC v. United States*, 109 Fed. Cl. 243 (2013)

26   (relying on *Malone v. United States*, 849 F.2d 1441, 1445 (Fed. Cir. 1988)).

27   [2] *See* Case Management Order And Referral to Court Sponsored Mediation, Dkt. No. 30 (setting
     July 1, 2021 deadline for amending the pleadings).

28   Case No.: 5:20-cv-04659-EJD
     ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
     3

United States District Court
Northern District of California

1

2

3        On balance, the *Foman* factors weigh in favor of granting Challenge Printing leave to file a

4    Second Amended Complaint.  The motion is GRANTED.

5

6        **IT IS SO ORDERED.**

7    Dated:  August 16, 2021

8

9    _____

10   EDWARD J. DAVILA
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Case No.: 5:20-cv-04659-EJD
     ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
     4

United States District Court
Northern District of California