SAWYER & LABAR LLP
IVO LABAR, State Bar No. 203492
  *labar@sawyerlabar.com*
ADRIAN SAWYER, State Bar No. 203712
  *sawyer@sawyerlabar.com*
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820

Attorneys for Defendant
ELECTRONICS FOR IMAGING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| THE CHALLENGE PRINTING COMPANY, INC., a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONICS FOR IMAGING INC., a Delaware corporation,<br><br>Defendant. | Case No. 20-cv-04659-EJD<br><br>**UPDATED JOINT TRIAL SETTING CONFERENCE STATEMENT**<br><br>Date:         April 14, 2022<br>Time:        11:00 a.m.<br>Courtroom: 4 — 5th Floor<br><br>Hon. Edward J. Davila<br><br>Action Filed: July 13, 2020 |

Counsel for plaintiff Challenge Printing Company ("Challenge Printing" or "Plaintiff") and defendant Electronics For Imaging Inc. ("EFI" or "Defendant"), have met and conferred and hereby submit this Joint Trial Setting Conference Statement.

**I.      Jurisdiction:**

The Parties agree that this Court has subject matter jurisdiction under 28 U.S.C. Section 1332 as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. The Parties further agree that this Court has general personal jurisdiction over EFI because its principal place of business is located within this Judicial District. The Parties do not believe that there are any venue issues.

**II.     Substance of the Action:**

*Plaintiff's Statement*

Challenge Printing is a pharmaceutical printing company that provides packaging components such as labels, insert, folding cartons, and pouches to pharmaceutical manufacturers worldwide. EFI is a company that develops technologies for the manufacturing of signage, packaging, textiles, ceramic tiles, and personalized documents. Challenge Printing and EFI entered into a written agreement whereby EFI agreed to provide Challenge Printing with its software implementation services ("Professional Services") and a license to use its iQuote software in exchange for a payment from Challenge Printing (DE 23). The agreement was memorialized in an Investment Summary (the "Investment Summary") and a Purchase Order (the "Purchase Order") both of which are dated December 29, 2017 (collectively, the "Agreement"). (DE 23-3, DE 23-4). In negotiations over the Agreement, EFI represented that it could and would provide software and Professional Services that would grant Challenge Printing the ability to functionally use iQuote. (*Id*. ¶ 117). Challenge Printing purchased the Professional Services in actual and justifiable reliance on these representations. *Id*.

Challenge Printing alleges that EFI misrepresented the quality and abilities of its goods and services throughout the Agreement negotiations before ultimately failing to provide Challenge Printing functional software and Professional Services that would render iQuote functional. (DE 23 ¶ 107). Challenge Printing further alleges that EFI separately breached the Agreement by failing to

perform the agreed quantity of Professional Service hours and breach its implied obligation to make a good faith effort to provide its Professional Services in order for Challenge Printing to receive the benefit of its bargain. EFI failed its express and implied obligations under the Agreement by providing insufficient software and Professional Services to Challenge Printing. Challenge Printing seeks damages commensurate with the direct, actual, and foreseeable results of EFI's misrepresentations and breach of contract, which includes compensatory damages and punitive damages.

The principal factual issues in dispute include whether EFI misrepresented the quality and abilities of the iQuote software and its Professional Services, whether EFI failed to provide functional iQuote software and/or sufficiently perform its Professional Services to render the iQuote software functional, whether EFI failed its implied obligation to make a good faith effort to provide Challenge Printing sufficient Professional Services so that Challenge Printing received functional use of the iQuote software, and if Challenge Printing prevails, the amount of monetary damages to which it is entitled.

*Defendant's Statement*

EFI disputes Challenge Printing's version of events and attributes Plaintiff's complaints about the software to Challenge Printing's failure to cooperate in the implementation process of the software, which Challenge Printing chose to abandon.

**III.     Legal Issues:**

Based on the current pleadings, the principal legal issues likely to be in dispute are:

a)     Whether Challenge Printing's Terms and Conditions or EFI's Terms and Conditions (or some combination of both) is the operative agreement between the Parties.

b)     Whether EFI breached the terms of the operative agreement.

c)     Whether EFI intentionally and/or negligently made pre-contracting misrepresentations to Challenge Printing.

d)     Whether EFI's fraudulent conduct constitutes a violation of California Business and Professions Code Section 17200.

e)    Whether EFI deceived Challenge Printing as that term is understood under California Civil Code Section 1709.

f)    Whether Challenge Printing purchased the software product it contends misrepresentations relate to.

g)    Whether EFI breached the covenant of good faith and fair dealing.

h)    Whether Challenge Printing suffered any damages.

## IV.   Motions:

Defendant previously filed a motion to dismiss the original complaint, which was granted in part and denied in part. (DE 22)

Defendant filed a Motion for Partial Summary Judgment directed to Plaintiff's fraud claims and Plaintiff's prayer for punitive damages. The motion is fully briefed and set for an April 14, 2022 hearing.

Plaintiff has filed a Motion to Extend Discovery Cut-Off Dates, including motions to compel, with such motion limited to Defendant's financial condition. This motion is fully briefed and set for an April 14. 2022 hearing.

The deadline for filing dispositive motions was February 1, 2022.

## V.   Discovery:

Fact discovery is closed.

## VI.   Settlement and ADR:

The parties had one unsuccessful court sponsored mediation on over two separate sessions, on March 11 and April 21, 2021. (DE 36).

The parties are willing to attempt a second, private mediation, following a ruling on any motion for summary adjudication/judgment.

## VII.   Bifurcation and Separate Trial of Issues:

Plaintiff does not request bifurcation.

Defendant will make a motion for bifurcation of punitive damages, if such damages remain in the case and are sought at trial.

**VIII.  Trial:**

This will be a jury trial.  Defendant's time estimate is 6-8 days.  Plaintiff's estimate is 5-6 days.

**IX.  Scheduling**

No further modifications to the Case Management Schedule are proposed.

**X.  Other Matters:**

Defendant requests that the court set a further trial setting conference following the ruling on Defendant's dispositive motion.

DATED:  April 1, 2022           SAWYER & LABAR LLP

By:  /s/ Ivo Labar
Ivo Labar
Attorneys for Defendant
ELECTRONICS FOR IMAGING, INC.

DATED:  April 1, 2022           KING & BALLOW

By:  /s/ Douglas R. Pierce
Douglas R. Pierce (*pro hac vice*)
315 Union Street, Suite 1100
Nashville, TN 37201
Telephone: (615) 726-5521
Facsimile: (888) 688-0482

Max D. Fabricant
1999 Avenue of Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (424) 253-1255
Facsimile: (888) 688-0482

*Attorneys for Plaintiff*,
CHALLENGE PRINTING COMPANY

**Local Rule 5-1(i)(3) Attestation**

Pursuant to Civ. L.R. 5-1(i)(3), I, Ivo Labar, attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing content and have authorized the filing.

DATED: November 19, 2021            SAWYER & LABAR LLP


                                    By:      /s/ Ivo Labar