UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHALLENGE PRINTING COMPANY, INC., | Case No. 20-cv-04659-EJD   (VKD) |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S MOTION TO EXTEND DISCOVERY CUT-OFF DATES** |
| ELECTRONICS FOR IMAGING INC., | Re: Dkt. No. 55 |
| Defendant. | |

Plaintiff Challenge Printing Company, Inc. ("Challenge Printing") asks for an order extending the fact discovery deadline for the purpose of taking additional discovery of defendant Electronics for Imaging, Inc.'s ("EFI") financial condition. Dkt. No. 55. The presiding judge has referred the matter to the undersigned for decision. Dkt. No. 65. The Court finds this matter suitable for decision without oral argument. Civ. L.R. 7-11(b).

**I.      BACKGROUND**

On May 21, 2021, Challenge Printing served a document request on EFI seeking "documents sufficient to identify the net worth of [EFI] as of the following dates:  a. January 1, 2018, b. January 1, 2019, c. January 1, 2020, d. January 1, 2021, [and] e. June 1, 2021." Dkt. No. 57-4. EFI objected to this requested on several grounds, including relevance. Dkt. No. 57-5. Eventually, the parties resolved their disputes as follows:  EFI would produce documents sufficient to show its net worth. *See* Dkt. Nos. 57 at 6, 57-7, 57-8, 58 at 1.

EFI says that on November 17, 2021 it produced ten pages of what it describes as a "consolidated financial statement," including a "balance sheet" with EFI's assets and liabilities from which its net worth may be determined. Dkt. No. 57 at 6. Challenge Printing appears not to

1  dispute that EFI's production shows its assets and liabilities, but it contends that this production

2  was "insufficient" because it "does not sufficiently detail the financial consequence of the

3  acquisition of EFI by a private equity firm . . . for $1.7B." Dkt. No. 55 at 3. In its reply brief,

4  Challenge Printing elaborates on its complaint, arguing that EFI produced only unaudited financial

5  statements that show "significantly negative net worth," which EFI believes is inconsistent with

6  public information indicating that a private equity firm acquired EFI for $1.7 billion in 2019. Dkt.

7  No. 58 at 1-2.

8       Fact discovery closed on November 19, 2021. By stipulation of the parties and order of

9  the presiding judge, the parties were required to file any motion to compel discovery by December

10  6, 2021. Dkt. No. 43 at 5. Challenge Printing filed the instant motion on December 6, 2021.

## II.   DISCUSSION

12       The parties disagree about whether Challenge Printing's motion is timely. While the

13  parties did not comply with this Court's Standing Order requirements for submitting discovery

14  disputes, because the motion does raise a discovery dispute and was filed by the deadline for

15  motions to compel, the Court will decide the dispute on the merits.

16       The parties agree that evidence of EFI's current net worth—i.e., the value of all of its

17  assets, minus the total of all of its liabilities—is relevant to Challenge Printing's punitive damages

18  claim. *See* Dkt. No. 57 at 10 (citing *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW

19  (DMR), 2011 WL 855831, at *3 (N.D. Cal. Mar. 9, 2011); Dkt. No. 58 at 2 (same). The Court

20  agrees with EFI that Challenge Printing is not entitled to discovery of the financial consequences

21  of an acquisition that occurred in 2019. However, Challenge Printing is entitled to reliable

22  information regarding EFI's current net worth.

23       Challenge Printing is a private company incorporated in Delaware. Dkt. No. 47 ¶ 2; Dkt.

24  No. 48 ¶ 2. While private companies generally are not required to publicly report their financial

25  statements, they do have other financial reporting obligations. *See, e.g.,* 8 Del. Code § 501

26  (requiring all non-exempt Delaware corporations to pay an annual franchise tax); 8 Del. Code §

27  502 (requiring all non-exempt Delaware corporations to file an annual franchise tax report). For

28

United States District Court
Northern District of California

United States District Court
Northern District of California

this reason, among others, many private companies prepare audited financial statements.[1]  While unaudited financial statements are not *per se* unreliable, audited financial statements reflect an auditor's independent assessment that the company's financial statements accurately reflect its financial performance.

The record does not include EFI's ten-page production of its financial statements to Challenge Printing in November 2021, nor does the record reveal whether EFI has audited financial statements that it elected not to produce.  However, if EFI has audited financial statements reflecting its current net worth, it should produce them to Challenge Printing.  Accordingly, the Court orders as follows:

If it has not already done so, EFI must produce to Challenge Printing its *most recent audited* financial statements sufficient to show the value of its total assets and total liabilities, preferably as of the end of EFI's fiscal year.  If EFI does not have audited financials (whether annual, quarterly, or monthly) for any period of time in 2021 or 2022, then, if it has not already done so, EFI must instead produce to Challenge Printing its *unaudited* financial statements sufficient to show the value of its total assets and total liabilities as of December 31, 2021 or as of the close if its most recent fiscal year, whichever is later.[2]  EFI's production is due **by April 22, 2022.**

**IT IS SO ORDERED.**

Dated: April 6, 2022

*Virginia K. DeMarchi*

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] In some situations, such as government contracting, private companies are required to have their financial statements audited.

[2] The parties may stipulate to EFI's production of audited and/or unaudited financial statements for different periods of time if they wish without seeking the Court's approval.