UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHALLENGE PRINTING COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONICS FOR IMAGING INC.,<br><br>Defendant. | Case No.  20-cv-04659-EJD   (VKD)<br><br>**AMENDED ORDER RE PLAINTIFF'S MOTION TO EXTEND DISCOVERY CUT-OFF DATES**<br><br>Re: Dkt. No. 55 |

Plaintiff Challenge Printing Company, Inc. ("Challenge Printing") asks for an order extending the fact discovery deadline for the purpose of taking additional discovery of defendant Electronics for Imaging, Inc.'s ("EFI") financial condition. Dkt. No. 55. The presiding judge has referred the matter to the undersigned for decision. Dkt. No. 65. The Court finds this matter suitable for decision without oral argument. Civ. L.R. 7-11(b).

**I.     BACKGROUND**

On May 21, 2021, Challenge Printing served a document request on EFI seeking "documents sufficient to identify the net worth of [EFI] as of the following dates: a. January 1, 2018, b. January 1, 2019, c. January 1, 2020, d. January 1, 2021, [and] e. June 1, 2021." Dkt. No. 57-4. EFI objected to this requested on several grounds, including relevance. Dkt. No. 57-5. Eventually, the parties resolved their disputes as follows:  EFI would produce documents sufficient to show its net worth. *See* Dkt. Nos. 57 at 6, 57-7, 57-8, 58 at 1.

EFI says that on November 17, 2021 it produced ten pages of what it describes as a "consolidated financial statement," including a "balance sheet" with EFI's assets and liabilities from which its net worth may be determined. Dkt. No. 57 at 6. Challenge Printing appears not to

1    dispute that EFI's production shows its assets and liabilities, but it contends that this production
2    was "insufficient" because it "does not sufficiently detail the financial consequence of the
3    acquisition of EFI by a private equity firm . . . for $1.7B." Dkt. No. 55 at 3. In its reply brief,
4    Challenge Printing elaborates on its complaint, arguing that EFI produced only unaudited financial
5    statements that show "significantly negative net worth," which EFI believes is inconsistent with
6    public information indicating that a private equity firm acquired EFI for $1.7 billion in 2019. Dkt.
7    No. 58 at 1-2.

      Fact discovery closed on November 19, 2021. By stipulation of the parties and order of the presiding judge, the parties were required to file any motion to compel discovery by December 6, 2021. Dkt. No. 43 at 5. Challenge Printing filed the instant motion on December 6, 2021.

## II.   DISCUSSION

      The parties disagree about whether Challenge Printing's motion is timely. While the parties did not comply with this Court's Standing Order requirements for submitting discovery disputes, because the motion does raise a discovery dispute and was filed by the deadline for motions to compel, the Court will decide the dispute on the merits.

      The parties agree that evidence of EFI's current net worth—i.e., the value of all of its assets, minus the total of all of its liabilities—is relevant to Challenge Printing's punitive damages claim. *See* Dkt. No. 57 at 10 (citing *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW (DMR), 2011 WL 855831, at *3 (N.D. Cal. Mar. 9, 2011); Dkt. No. 58 at 2 (same). The Court agrees with EFI that Challenge Printing is not entitled to discovery of the financial consequences of an acquisition that occurred in 2019. However, Challenge Printing is entitled to reliable information regarding EFI's current net worth.

      Challenge Printing is a private company incorporated in Delaware. Dkt. No. 47 ¶ 2; Dkt. No. 48 ¶ 2. While private companies generally are not required to publicly report their financial statements, they do have other financial reporting obligations. *See, e.g.,* 8 Del. Code § 501 (requiring all non-exempt Delaware corporations to pay an annual franchise tax); 8 Del. Code § 502 (requiring all non-exempt Delaware corporations to file an annual franchise tax report). For

United States District Court
Northern District of California

this reason, among others, many private companies prepare audited financial statements.[1] While unaudited financial statements are not *per se* unreliable, audited financial statements reflect an auditor's independent assessment that the company's financial statements accurately reflect its financial performance.

The record does not include EFI's ten-page production of its financial statements to Challenge Printing in November 2021, nor does the record reveal whether EFI has audited financial statements that it elected not to produce. However, if EFI has audited financial statements reflecting its current net worth, it should produce them to Challenge Printing. Accordingly, the Court orders as follows:

If it has not already done so, EFI must produce to Challenge Printing its *most recent audited* financial statements sufficient to show the value of its total assets and total liabilities, preferably as of the end of EFI's fiscal year. If EFI does not have audited financials (whether annual, quarterly, or monthly) for any period of time in 2021 or 2022, then, if it has not already done so, EFI must instead produce to Challenge Printing its *unaudited* financial statements sufficient to show the value of its total assets and total liabilities as of December 31, 2021 or as of the close if its most recent fiscal year, whichever is later.[2] EFI's production is due **by April 22, 2022.** Plaintiff Challenge Printing Company, Inc. ("Challenge Printing") asks for an order extending the fact discovery deadline for the purpose of taking additional discovery of defendant Electronics for Imaging, Inc.'s ("EFI") financial condition. Dkt. No. 55. The presiding judge has referred the matter to the undersigned for decision. Dkt. No. 65. The Court finds this matter suitable for decision without oral argument. Civ. L.R. 7-11(b).

**III. BACKGROUND**

On May 21, 2021, Challenge Printing served a document request on EFI seeking "documents sufficient to identify the net worth of [EFI] as of the following dates: a. January 1,

---

[1] In some situations, such as government contracting, private companies are required to have their financial statements audited.

[2] The parties may stipulate to EFI's production of audited and/or unaudited financial statements for different periods of time if they wish without seeking the Court's approval.

3

1  2018, b. January 1, 2019, c. January 1, 2020, d. January 1, 2021, [and] e. June 1, 2021." Dkt. No.
2  57-4. EFI objected to this requested on several grounds, including relevance. Dkt. No. 57-5.
3  Eventually, the parties resolved their disputes as follows: EFI would produce documents
4  sufficient to show its net worth. *See* Dkt. Nos. 57 at 6, 57-7, 57-8, 58 at 1.

5  EFI says that on November 17, 2021 it produced ten pages of what it describes as a
6  "consolidated financial statement," including a "balance sheet" with EFI's assets and liabilities
7  from which its net worth may be determined. Dkt. No. 57 at 6. Challenge Printing appears not to
8  dispute that EFI's production shows its assets and liabilities, but it contends that this production
9  was "insufficient" because it "does not sufficiently detail the financial consequence of the
10 acquisition of EFI by a private equity firm . . . for $1.7B." Dkt. No. 55 at 3. In its reply brief,
11 Challenge Printing elaborates on its complaint, arguing that EFI produced only unaudited financial
12 statements that show "significantly negative net worth," which EFI believes is inconsistent with
13 public information indicating that a private equity firm acquired EFI for $1.7 billion in 2019. Dkt.
14 No. 58 at 1-2.

15 Fact discovery closed on November 19, 2021. By stipulation of the parties and order of
16 the presiding judge, the parties were required to file any motion to compel discovery by December
17 6, 2021. Dkt. No. 43 at 5. Challenge Printing filed the instant motion on December 6, 2021.

18 **IV.   DISCUSSION**

19 The parties disagree about whether Challenge Printing's motion is timely. While the
20 parties did not comply with this Court's Standing Order requirements for submitting discovery
21 disputes, because the motion does raise a discovery dispute and was filed by the deadline for
22 motions to compel, the Court will decide the dispute on the merits.

23 The parties agree that evidence of EFI's current net worth—i.e., the value of all of its
24 assets, minus the total of all of its liabilities—is relevant to Challenge Printing's punitive damages
25 claim. *See* Dkt. No. 57 at 10 (citing *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW
26 (DMR), 2011 WL 855831, at *3 (N.D. Cal. Mar. 9, 2011); Dkt. No. 58 at 2 (same). The Court
27 agrees with EFI that Challenge Printing is not entitled to discovery of the financial consequences
28 of an acquisition that occurred in 2019. However, Challenge Printing is entitled to reliable

information regarding EFI's current net worth.

Challenge Printing is a private company incorporated in Delaware. Dkt. No. 47 ¶ 2; Dkt. No. 48 ¶ 2. While private companies generally are not required to publicly report their financial statements, they do have other financial reporting obligations. *See, e.g.,* 8 Del. Code § 501 (requiring all non-exempt Delaware corporations to pay an annual franchise tax); 8 Del. Code § 502 (requiring all non-exempt Delaware corporations to file an annual franchise tax report). For this reason, among others, many private companies prepare audited financial statements.[3] While unaudited financial statements are not *per se* unreliable, audited financial statements reflect an auditor's independent assessment that the company's financial statements accurately reflect its financial performance.

The record does not include EFI's ten-page production of its financial statements to Challenge Printing in November 2021, nor does the record reveal whether EFI has audited financial statements that it elected not to produce. However, if EFI has audited financial statements reflecting its current net worth, it should produce them to Challenge Printing. Accordingly, the Court orders as follows:

If it has not already done so, EFI must produce to Challenge Printing its *most recent audited* financial statements sufficient to show the value of its total assets and total liabilities, preferably as of the end of EFI's fiscal year. If EFI does not have audited financials (whether annual, quarterly, or monthly) for any period of time in 2021 or 2022, then, if it has not already done so, EFI must instead produce to Challenge Printing its *unaudited* financial statements sufficient to show the value of its total assets and total liabilities as of December 31, 2021 or as of the close if its most recent fiscal year, whichever is later.[4] EFI's production is due **by April 22, 2022.**

In all other respects, Challenge Printing's motion is denied.

---

[3] In some situations, such as government contracting, private companies are required to have their financial statements audited.

[4] The parties may stipulate to EFI's production of audited and/or unaudited financial statements for different periods of time if they wish without seeking the Court's approval.

5

**IT IS SO ORDERED.**

Dated: April 7, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge